Barnard, P. J.
In May 1881 the plaintiffs bought, at the request of the defendant, and for him, one thousand shares of the New York Central and Hudson River Railroad Company. The defendant made a deposit or margin of ten thousand dollars. The price paid was a trifle over §150 per share of stock. Other deposits or additions to this margin were made during the year, and dividends were credited on the stock as often as collected by the plaintiffs up to January 28, 1882, when the plaintiffs sold the stock on account of defendant, at §130,000 about, realizing a loss to defendant of about §20,000. It was made a serious question of fact upon the trial whether this sale’was authorized. The defendant testified that it was not. The plaintiffs claimed that it was, and Mr. Washburn, one of the partners, testified that the defendant left it to the firm to sell at any time in the discretion of the plaintiffs, when they deemed it advisable to make a “ turn,” so called, which is explained to mean a right to sell at pleasure of the plaintiffs and without notice. The referee has found that the sale was authorized. The plaintiffs also, as part of the arrangement, claimed the right to buy other stocks, as a right given in the authority to make a “turn,” and they aver future purchases with the proceeds of the sale of the plaintiff’s stock. On the first of February, 1882, being the next day after the sale, the plaintiff bought the same amount of stock in the same com *900 pany for $130,000. The referee has found that this right to turn was not proven, and as a consequence of this finding that the purchase of stock after the unauthorized sale was without the plaintiffs order or direction in any way. The finding of the referee is supported by the evidence. The defendant testifies that he had no knowledge of the sale and gave no power to the plaintiffs to sell at their discretion. As the question depended mainly upon the testimony of Washburn, upon the part of the plaintiff and of the defendant himself, no case is made for an appellate court to reverse for error of fact.
The finding is in accordance with prudence in business and with the legal rule if there was no special agreement to vary it. The “turn” seems purposeless except for the broker’s commission. The old stock sold for enough to buy the new and pay the broker. The case is substantially reduced to this 1,000 shares of stock, for although there was another purchase of stock in defendant’s name, it was upon a limit of loss, to the margin, $5,000.
The plaintiffs accepted the employment and no case is made by the evidence to cast any additional loss upon the defendant. The remaining question is whether the plaintiffs kept the 1,000 shares purchased in May, 1881, until January 31, 1882, for the question of intent depends upon the fact being found in favor of the plaintiffs.
It is not so claimed by the plaintiffs. If they had scrip equal to the 1,000 shares in their hands which was not pledged as security for loans made upon it to the plaintiffs, the evidence does no show it.
It even shows the contrary, but the referee has only found that it was unproven and that is sufficient to defeat a claim based upon the fact that the plaintiffs always had the stock or an equal amount on hand or under their control ready for delivery to the defendant.
If they loaned the defendant’s scrip, sold it, borrowed money on it, it was a conversion unless they had an equal amount on hand ready for delivery on call at all times.
The basis of an interest charge as upon an advance of money for this stock fails. Markham v. Jaudon, 41 H. Y., 235; Taussig v. Mart, 58 id., 425.
There has been no ratification of any unauthorized act, except that of the January, 1881, sale.
The defendant testifies that he did not know what the items representing new purchases meant until the action was commenced and that he did not understand the figures which it is now claimed show a new purchase in the place of the first one.
A ratification must be upon a full knowledge of the facts and no proof is returned in the casé showing that fact so as to reverse a finding that the defendant did not ratify the unauthorized act.
The judgment should therefore be affirmed, with costs.
Pratt and Dykeman, JJ., concur.